*Ulrich, for plaintiff.*

*Kline, for defendant.*

---

*Court of Common Pleas, Lebanon County, January 5th,* 1863.

### RANK *v.* WENGER.

A soldier is only exempted from the service of civil process under the act of 18th April, 1861, from the time he is actually sworn into the service of the State of Pennsylvania or the United States, not from the time he goes to be sworn in.

BY THE COURT.—The above motion was predicated on the alleged fact that Wenger, the defendant, was in the service as a drafted militiaman at the time the writ issued. The depositions show that he was drafted and sent to Harrisburg, the place of rendezvous, from his home in Lebanon county, about the 23d of November, arrived at Camp Curtin and remained there till Thursday, the 30th of the same month, when he was regularly sworn into the service. The company to which he was attached was at least partially organized the day before; but on going to the place designated there was no United States officer there to administer the necessary oath and muster them into service. On inquiring of the various State and United States officers having charge of the draft, we learn that men are never considered mustered into service " until they are duly sworn;" such is the response of all. The writ of replevin in the present case was issued on the 29th of October, the day before the defendant was mustered into service. We have no doubt but that this writ is " civil process " within the meaning of the fourth section of the act of April 18th, 1861 (Pamphlet Laws, p. 409), which declares " that no civil process shall issue, or be enforced against any person mustered into the service of this State, or of the United States, during the term for which he shall be engaged in such service, nor until thirty days after he shall have been discharged therefrom." This differs in its language from the seventieth section of the act of April 2d, 1822, which made substantially a similar provision, except that it prohibited it from the time the man was " *called* into actual service." The defendant in this case was " *called* " into actual service from the time he was ordered to the place of rendezvous under the draft, and certainly from the time he reached that

place.    Are both sections in force?    They differ essentially in this and one other provision; both protect them for thirty days, the former law "from the time he shall have returned from duty to his usual place of residence," the latter from the time he shall have been discharged.    The earlier law also protected him "for forty days after he shall have been discharged."    The general militia law of 1822 appears to have been almost entirely supplied by the act of the 21st of April, 1858.    The law last referred to contains no repealing clause; but it is obvious that almost all of its enactments are inconsistent with or supply the place of the act of 1822, and being a later law must be considered a virtual repeal of the earlier.    Instead of the seventieth section already cited, the tenth division of the ninth section of the act of 1858 prohibits the service of civil process on the uniformed militia whilst in uniform and going to and from a place of parade, etc.    It also exempts them from jury duty, and their arms, horse, and equipments from sale or execution for debts.

As this obviously applies to volunteer companies alone when engaged in ordinary parades, and not to those in service, the legislature of 1861 deemed it necessary to afford them further and different protection, and, therefore, enacted the law cited, which we are satisfied is the only one now in force on that subject.

The legislature in passing that section evidently considered the act of 1822 no longer in force; and the two laws are inconsistent with each other, and cannot stand together.    If the defendant's case does not come within the act of 1861, he is not regularly protected from the process, and the same was regularly issued. That it does not is clear, unless he was "*mustered into service*" before the 30th, and that he was not is equally clear, if the State and United States officers are correct in their interpretation of *mustering into service*.    We know of no better source from which to obtain information on that subject; and taking their opinions as correct, this process must be sustained and the rule discharged.

*Kline, for plaintiff.*

*Funck, for defendant.*